BARBARA THOMA ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF CANTERBURY ET AL.
(11524)

DALY, FREEDMAN and CRETELLA, Js.

Argued March 30—decision released June 15, 1993

*Edward E. Moukawsher,* for the appellants (defendant Theodore G. Dean et al.).

*Angela Hawkins Fichter,* for the appellees (plaintiffs).

*Richard S. Cody,* for the named defendant.

CRETELLA, J. The sole issue on appeal involves the validity of a town zoning regulation prohibiting the planning and zoning commission from approving an application for the subdivision of land containing inland wetlands if the town's inland wetland agency fails to find that such subdivision will not adversely affect the wetlands area. The resolution of that issue turns on whether the regulation conflicts with General Statutes § 8-26, which requires the commission to give "due consideration" to any report or decision of the inland wetlands agency.[1] The defendant Canterbury planning and zoning commission unanimously approved a subdivision application by the defendants Theodore G. Dean and his wife Beverly Dean (developers), notwithstanding that the town's inland wetlands agency had submitted a report to the commission indicating that it did not approve the developers' application for the subdivision. The trial court sustained the appeal of the plaintiffs

---

[1] General Statutes § 8-26 provides in pertinent part: "All plans for subdivisions and resubdivisions . . . shall be submitted to the [planning] commission with an application in the form to be prescribed by it. The commission shall have the authority to determine whether the existing division of any land constitutes a subdivision or resubdivision under the provisions of this chapter, provided nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations. . . . The commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application or maps and plans submitted therewith . . . within the period of time permitted under section 8-26d. . . . If an application involves land regulated as an inland wetland or watercourse under the provisions of chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application is filed for the subdivision or resubdivision. The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency. . . ."

Barbara Thoma and Theodore W. Dean[2] from the commission's decision, determining that, although the regulation was more protective of inland wetlands than the statute, it was not inconsistent or incompatible with the statute. We conclude that the regulation at issue here is in conflict with General Statutes § 8-26 and must yield to it.

On February 29, 1989, the developers applied to the commission for approval of a proposed subdivision of thirteen acres of land into five residential building lots. The undivided parcel contains inland wetlands areas, but the subdivision plan does not propose any regulated activities within the wetlands for which a permit from the local inland wetlands agency would be required under General Statutes §§ 22a-42 and 22a-42a. The developers, however, did submit their application to the inland wetlands agency as required by General Statutes § 8-26.

After reviewing the application, the inland wetlands agency concluded that, although no regulated activities were contemplated in the wetlands, the proposed subdivision would have an adverse effect on the wetlands and accordingly did not grant its approval to the proposed subdivision. The defendant commission, nevertheless, approved the developers' application, precipitating this appeal.

At issue here is the interrelation between § 4.12.3 of the Canterbury zoning regulations[3] and General Stat-

---

[2] The plaintiffs, Barbara Thoma and her father, Theodore W. Dean, jointly own property that is, at one point, 99.59 feet from the proposed subdivision. The plaintiffs thus have standing to challenge the commission's approval of the subdivision because they are "aggrieved persons" as defined by General Statutes § 8-8 (a) (1). *Zoning Board of Appeals* v. *Planning & Zoning Commission,* 27 Conn. App. 297, 301–302, 605 A.2d 885 (1992); see General Statutes § 8-8 (b). It should also be noted that the defendant Theodore G. Dean is the son of the plaintiff Theodore W. Dean, and the brother of the plaintiff Thoma.

[3] Section 4.12.3 of the Canterbury zoning regulations provides: "No lot or parcel on which inland wetland areas, as defined in Section 22a-39-2 of

utes § 8-26. Section 4.12.3 prohibits the subdivision of any parcel of land containing inland wetlands, "until adequate evidence is provided to the [commission] that such subdivision or resubdivision will not adversely [a]ffect any designated inland wetland areas." The regulation then defines "adequate evidence" to be a "written record of action by the Town of Canterbury's Inland Wetland Agency indicating that the activities proposed in said subdivision plan will not adversely [a]ffect any inland wetland area . . . ." In contrast, General Statutes § 8-26 provides that if the parcel to be subdivided contains inland wetlands, then, concurrently upon application to the commission for subdivision approval, application for approval shall also be made to the town inland wetlands agency. Moreover, the commission "shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give *due consideration* to the report of the inland wetlands agency." (Emphasis added.)

On appeal to the trial court, the plaintiffs contended that when subdivision approval is sought for any parcel containing wetlands, § 4.12.3 requires, as a condi-

the Connecticut State Statutes as amended, are located shall be subdivided or resubdivided until adequate evidence is provided to the Town of Canterbury's Planning and Zoning Commission, that such subdivision or resubdivision will not adversely [a]ffect any designated inland wetland areas. Adequate evidence shall be defined for the purpose of this section to be a written record of action by the Town of Canterbury's Inland Wetland Agency indicating that the activities proposed in said subdivision plan will not adversely [a]ffect any inland wetland area or that such designation of wetlands on the subject property is incorrect and that wetlands do not, in fact, exist on the subject site."

The trial court determined that § 4.12.3 erroneously denominates § 22a-39-2 as a state statute, when, in fact, it is a regulation promulgated by the commissioner of environmental protection pursuant to authority vested in him by General Statutes § 22a-39. We agree with this determination.

tion precedent to approval by the commission, that the inland wetlands agency specifically approve the proposed subdivision. Absent such approval, the plaintiffs assert, the commission cannot approve the subdivision. The trial court agreed with the plaintiffs' interpretation of § 4.12.3, and thus concluded that the commission's approval of the developers' subdivision was illegal since the wetlands agency did not approve the plan. We conclude that the trial court properly interpreted the provisions of § 4.12.3. For the following reasons, however, we do not agree with the trial court's ultimate determination that § 4.12.3 invalidates the commission's approval of the subdivision plan.

Even though we agree with the trial court's interpretation of § 4.12.3, we must determine, as did the trial court, whether the regulation is an impermissible delegation of authority to the wetlands agency and is thus in conflict with § 8-26. General Statutes §§ 8-25 and 8-26 are all inclusive statutes regulating the subdivision of land and the procedures for seeking subdivision approval. Additionally, § 8-26 specifically addresses the procedures to be followed in applying for subdivision approval when the land to be subdivided contains wetlands areas. While it is true that local planning and zoning commissions and wetlands agencies have the authority to enact zoning, subdivision and wetlands regulations, such regulations must derive their authority from the General Statutes and may not conflict with such statutes. See *Langer* v. *Planning & Zoning Commission,* 163 Conn. 453, 457, 313 A.2d 44 (1972); *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 543–46, 244 A.2d 391 (1968).

The regulation and approval of subdivisions fall within the purview of the town planning commission in accordance with the provisions of General Statutes

§§ 8-18 through 8-30a,[4] while activities involving inland wetlands are regulated by the local inland wetlands agency per General Statutes §§ 22a-42 and 22a-42a. Section 8-26 specifically addresses the interaction between the commission and the wetlands agency when subdivision approval is sought for a parcel of land containing wetlands on which no regulated activities are contemplated. Section 8-26 provides that before rendering a decision on a subdivision application, the commission must receive and give "due consideration" to a report prepared by the inland wetlands agency. If the legislature had intended to give the inland wetlands agency "veto power" over the approval of any proposed subdivision, or intended that approval of the proposed subdivision by the wetlands agency was to be a condition precedent to approval by the commission, § 8-26 would have clearly enunciated such policy. It did not. Absent such expression, we decline to transform the concept of "due consideration" into something more. See *Point O'Woods Assn.* v. *Zoning Board of Appeals,* 178 Conn. 364, 366, 423 A.2d 90 (1979).[5]

---

[4] Alternatively, subdivisions may be regulated by a town's combined planning and zoning commission if the planning function has been vested in that body pursuant to General Statutes § 8-4a.

[5] The commission also filed a brief and argued on this appeal. Although denominated as an appellee, the commission occupies a unique position in this appeal; it argues that its approval of the subdivision was proper, while concurrently arguing that the regulation is valid but that the trial court did not correctly interpret it. The commission argues that the regulation should be interpreted to require that if the inland wetlands agency approves the subdivision because it finds no adverse impact on the wetlands, the commission may then approve the subdivision without regard to any wetland problem. On the other hand, should the wetlands agency determine that the subdivision would have an adverse effect on the wetlands, such a determination would not necessarily preclude the commission from approving the subdivision, but that the commission could make its own determination, on the basis of evidence presented to it, to determine whether the subdivision would have an adverse impact on the wetlands.

The commission argues that such an interpretation would avoid the problem of effectively giving the agency veto power over applications for approval of subdivisions that contain wetlands. We cannot agree with this

After properly interpreting the provisions of § 4.12.3, the trial court went on to determine that the regulation was not incompatible with General Statutes § 8-26. The trial court's conclusion is premised on the fact that both the statute and the regulation express an underlying policy of protecting the inland wetlands, and, although the regulation offers greater protection of wetlands than does the statute, this does not make the regulation inconsistent or incompatible with the statute. The developers argued that the regulation was invalid because it constituted an unlawful delegation of the commission's authority to the wetlands agency. The developers further contended that § 8-26 defines the role of the wetlands agency in the subdivision application approval process, and that § 4.12.3 patently allows the wetlands agency to exceed the authority given to it under the statute.

The trial court dismissed the developers' argument by determining that § 4.12.3 is a zoning regulation rather than a subdivision regulation. The basis of that determination was that § 4.12.3 falls within a more general provision of the Canterbury zoning regulations entitled "Construction Adjacent to Bodies of Water and in Wetland Areas."[6] This determination was crucial to the trial court's resolution of this case because, by designating § 4.12.3 a zoning rather than a subdivision regulation, the trial court could ignore the facial conflict

---

tortured interpretation of the regulation. As noted above, we agree with the trial court's determination that § 4.12.3 prohibits the commission from approving a subdivision without prior approval of the wetlands agency.

[6] The trial court noted that the various subsections within § 4.12 require certain minimum distances from wetlands for building construction; § 4.12.1; prohibit sewage disposal within a minimum distance from wetlands; § 4.12.2; prohibit the subdivision of land containing wetlands unless the inland wetlands agency finds no adverse impact on the wetlands; § 4.12.3; and prohibit the issuance of special permits, exceptions and site plan approvals unless the inland wetlands agency finds no adverse impact on the wetlands. § 4.12.4.

between § 4.12.3 and General Statutes § 8-26 and use the broad language of General Statutes § 8-2[7] to support its finding that the commission validly delegated its authority to approve subdivision applications for parcels containing wetlands to the wetlands agency when it promulgated § 4.12.3.

Regardless of whether § 4.12.3 is a zoning or subdivision regulation, it was clearly intended to relate, and in fact does relate, to the situation specifically addressed by § 8-26, namely, the subdivision of land containing inland wetlands areas. The scope of both the commission's and the agency's authorities is specifically detailed in the statute.

"The final decision contained in the wetlands report is merely one of the many factors the zoning commission must consider in rendering its own decision . . . . The zoning commission must give the wetlands commission report due consideration. We do not read this as a statutory mandate that the zoning commission's decision be based on the wetlands report. To afford due consideration is to 'give such weight or significance to a particular factor as under the circumstances it seems to merit, and this involves discretion.' " *Arway* v.

---

[7] General Statutes § 8-2 provides in pertinent part: "(a) The zoning commission of each city, town or borough is authorized to regulate . . . the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land. . . . Such regulations shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. . . . Zoning regulations shall be made with reasonable consideration for their impact on agriculture. Zoning regulations may be made with reasonable consideration for the protection of historic factors and shall be made with reasonable consideration for the protection of existing and potential public surface and ground drinking water supplies. On and after July 1, 1985, the regulations shall provide that proper provision be made for soil erosion and sediment control pursuant to section 22a-329. . . ."

*Bloom,* 29 Conn. App. 469, 479–80, 615 A.2d 1075 (1992), cert. granted, 224 Conn. 924, 618 A.2d 530 (1993).

Thus, § 4.12.3, which gives the wetlands agency veto power over any proposed subdivision application if the land to be subdivided contains inland wetlands, directly contradicts the division of authority mandated by § 8-26. In promulgating § 4.12.3, therefore, the commission impermissibly delegated authority over a subject matter that is solely within its province. See *Caldrello* v. *Planning Board,* 193 Conn. 387, 476 A.2d 1063 (1984) (holding that a regulation requiring planning board approval as a prerequisite to subdivision approval by the city council was invalid because it conflicted with the terms of the city charter providing that final subdivision approval rested with the council); cf. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 236 A.2d 917 (1967) (holding that the planning and zoning commission did not impermissibly delegate its authority to the board of selectmen when it promulgated a regulation requiring that as a prerequisite to the filing of preliminary plan of subdivision that all proposed road specifications be approved by the selectmen as conforming with town road specifications because such delegation was ministerial in nature and the power over approval of the application remained with the commission); accord *Baker* v. *Kerrigan,* 149 Conn. 596, 183 A.2d 268 (1962). Ultimate authority over approval of a subdivision rests with the commission, and any regulation that abrogates this authority is invalid. See *Beacon Falls* v. *Posick,* 212 Conn. 570, 582, 563 A.2d 285 (1989); *Dwyer* v. *Farrell,* 193 Conn. 7, 14, 475 A.2d 257 (1984); *Shelton* v. *Shelton,* 111 Conn. 433, 447, 150 A. 811 (1930).

We therefore conclude that the regulation constitutes an impermissible delegation of authority by the commission and thus conflicts with the statute and must give way to it.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment dismissing the plaintiffs' appeal.

In this opinion the other judges concurred.