BOARD OF EDUCATION OF THE TOWN OF BOZRAH *v.*
STATE BOARD OF EDUCATION ET AL.
(14775)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued January 5—decision released February 1, 1994

*William R. Connon,* for the appellant (plaintiff).

*Nina F. Elgo,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (named defendant et al.).

*Linda L. Yoder,* with whom, on the brief, were *Saranne P. Murray* and *Gregory T. D'Auria,* for the appellee (defendant Norwich board of education).

*Lawrence W. Berliner* filed a brief for the Office of Protection and Advocacy for Persons with Disabilities as amicus curiae.

PER CURIAM. The sole issue in this administrative appeal is whether the named defendant, the state board of education, properly required the plaintiff, the Bozrah board of education, to provide funding for the schooling needs of a special education student whose only surviving parent resides in a nursing care facility in Bozrah. In *Board of Education* v. *State Board of Education,* 30 Conn. App. 720, 622 A.2d 614 (1993), the Appellate Court affirmed the judgment of the trial court dismissing the plaintiff's appeal from this adverse administrative decision.[1] The Appellate Court agreed with the defendants' contention that the plaintiff must provide the funding because General Statutes § 10-76d (e) (2),[2] rather than General Statutes

---

[1] In addition to the named defendant, the Norwich board of education, the commissioner of the department of children and youth services and the Connecticut Disability Law Clinic are also defendants in this appeal.

[2] General Statutes § 10-76d provides in relevant part: "DUTIES AND POWERS OF BOARDS OF EDUCATION TO PROVIDE SPECIAL EDUCATION PROGRAMS AND SERVICES. DETERMINATION OF ELIGIBILITY FOR MEDICAID. STATE AGENCY PLACEMENTS; APPORTIONMENT OF COSTS. RELATIONSHIP OF INSURANCE TO SPECIAL EDUCATION COSTS. . . .

"(e) (1) Any local or regional board of education which provides special education pursuant to any mandates in this section shall provide transportation, to and from, but not beyond the curb of, the residence of the child, unless otherwise agreed upon by the board and the parent or guardian of the child, tuition, room and board and other items as are necessary to the provision of such special education except for children who are placed in a residential facility because of the need for services other than educational services, in which case the financial responsibility of the school district and payment to such district shall be limited to the reasonable costs of special education instruction as defined in the regulations of the state board of education. . . .

"(2) Notwithstanding any other provisions of the general statutes, for the fiscal year ending June 30, 1987, and each fiscal year thereafter, whenever a public agency, other than a local or regional board of education, the state board of education or the superior court acting pursuant to section

§ 10-253 (d),[3] governs the allocation of fiscal responsibility for the educational costs of a special education student. Id., 723–27. We granted the plaintiff's petition for certification to appeal this question of statutory construction.[4]

10-76h, places a child in a foster home, group home, hospital, state institution, receiving home, custodial institution or any other residential or day treatment facility, and such child requires special education, the local or regional board of education under whose jurisdiction the child would otherwise be attending school or, if no such board can be identified, the local or regional board of education of the town where the child is placed, shall: (A) Provide the requisite identification and evaluation of such child in accordance with the provisions of this section; and (B) be financially responsible for the reasonable costs of special education instruction, as defined in the regulations of the state board of education, in an amount equal to the lesser of one hundred per cent of the costs of such education or two and one-half times the average per pupil educational costs of such board of education for the prior fiscal year, determined in accordance with the provisions of subsection (a) of section 10-76f. . . ."

[3] General Statutes § 10-253 provides in relevant part: "SCHOOL PRIVILEGES FOR CHILDREN IN CERTAIN PLACEMENTS, NONRESIDENT CHILDREN AND CHILDREN IN TEMPORARY SHELTERS. (a) Children placed out by the commissioner of children and youth services or by other agencies or persons, including private child-caring or child-placing agencies licensed by the department of children and youth services, and eligible residents of facilities operated by the department of mental health or by the Connecticut alcohol and drug abuse commission who are eighteen to twenty-one years of age, shall be entitled to all free school privileges of the school district where they then reside as a result of such placement. Except as provided in subsection (d) of this section and subdivision (4) of subsection (e) of section 10-76d, payment for such education shall be made by the board of education of the school district under whose jurisdiction such child would otherwise be attending school where such a school district is identified. . . .

"(d) Children residing with relatives or nonrelatives, when it is the intention of such relatives or nonrelatives and of the children or their parents or guardians that such residence is to be permanent, provided without pay and not for the sole purpose of obtaining school accommodations, and, for the fiscal year commencing July 1, 1981, and each fiscal year thereafter, children not requiring special education who are residing in any facility or home as a result of a placement by a public agency, other than a local or regional board of education, and except as provided by subsection (b) of this section, shall be entitled to all free school privileges accorded to resident children of the school district in which they then reside. . . ."

[4] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Was the Appellate Court correct in construing Gen-

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issue on which we granted certification was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Stankiewicz* v. *Zoning Board Of Appeals,* 211 Conn. 76, 78, 556 A.2d 1024 (1989); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment of the Appellate Court is affirmed.

eral Statutes §§ 10-253 (d) and 10-76d (e) to require the Bozrah board of education to provide school accommodations?" *Board of Education* v. *State Board of Education,* 226 Conn. 902, 625 A.2d 1374 (1993).