BARBARA THOMA *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF CANTERBURY (14830)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued March 29—decision released April 26, 1994

*Angela Hawkins Fichter,* for the appellants (plaintiffs).

*Richard S. Cody,* for the appellee (named defendant).

*Edward E. Moukawsher,* for the appellees (defendant Beverly H. Dean et al.).

PER CURIAM. The dispositive issue in this land use appeal is whether a town regulation can lawfully limit the discretion that General Statutes § 8-26[1] confers on a town planning and zoning commission. The defendants Theodore G. Dean and Beverly H. Dean (defendants) sought approval for a proposed subdivision in the town of Canterbury. The named defendant, the planning and zoning commission of the town of Canterbury (commission), granted their application despite its having been disapproved by the town inland wetlands commission. The plaintiffs, Barbara Thoma and Theodore W. Dean, appealed to the trial court, which sustained their appeal on the ground that § 4.12.3 of the Canterbury zoning regulations deprived the commission of the authority to grant a proposed subdivision application that had been disapproved by the inland wetlands agency.

The Appellate Court granted the defendants' request for certification to appeal and reversed the judgment

[1] General Statutes § 8-26 provides in relevant part: "APPROVAL OF SUB-DIVISION AND RESUBDIVISION PLANS. WAIVER OF CERTAIN REGULATION REQUIREMENTS. APPLICATIONS INVOLVING INLAND WETLANDS AND WATER-COURSES. All plans for subdivisions and resubdivisions . . . shall be submitted to the commission with an application in the form to be prescribed by it. The commission shall have the authority to determine whether the existing division of any land constitutes a subdivision or resubdivision under the provisions of this chapter, provided nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations. . . . If an application involves land regulated as an inland wetland or watercourse under the provisions of chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application is filed for the subdivision or resubdivision. The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency."

of the trial court. *Thoma* v. *Planning & Zoning Commission,* 31 Conn. App. 643, 626 A.2d 809 (1993). The Appellate Court held that the regulation was a delegation of authority to the inland wetlands agency that was impermissible in light of the conflicting provision of § 8-26, which requires the commission to give only " 'due consideration' to a report prepared by the inland wetlands agency . . . ." Id., 648; see *Arway* v. *Bloom,* 29 Conn. App. 469, 479–80, 615 A.2d 1075 (1992), appeal dismissed, 227 Conn. 799, 801–802, 633 A.2d 281 (1993). We granted the plaintiffs' petition to appeal this question of regulatory authority.[2]

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issue on which we granted certification was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Whisper Wind Development Corp.* v. *Planning & Zoning Commission,* 229 Conn. 176, 640 A.2d 100 (1994); *Board of Education* v. *State Board of Education,* 228 Conn. 433, 436, 636 A.2d 378 (1994); *Stankiewicz* v. *Zoning Board of Appeals,* 211 Conn. 76, 78, 556 A.2d 1024 (1989).

The judgment of the Appellate Court is affirmed.

---

[2] We granted the plaintiffs' petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that: (a) Canterbury Zoning Regulation § 4.12.3 requires, as a condition precedent to subdivision approval, inland wetlands approval; and (b) the zoning regulation conflicts with General Statutes § 8-26?" *Thoma* v. *Planning & Zoning Commission,* 227 Conn. 910, 632 A.2d 700 (1993).