[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the decision of the hearing officer of the State Department of Education, dismissing on jurisdictional grounds her claim against Regional School District 16 relative to the special education program offered by Regional School District 16 to her daughter.
The facts are as follows. The plaintiff and her daughter are residents of the Town of Oxford, Connecticut. Defendant Regional 16 School District, (hereinafter "District"), is comprised of the towns of Beacon Falls and Prospect. The plaintiff's child ("J") was determined to be in need of special education. For the school year 1996-1997 the Town of Oxford entered into an agreement with the District for the District school to provide special education for "J" and for Oxford to pay the CT Page 15958 district tuition on behalf of"J". The plaintiff initiated a proceeding before the State Department of Education against the Town of Oxford relative to her daughter's special education. That proceeding is ongoing.
In the hearing, the decision of which is here appealed from, the plaintiff testified that the hearing officer in the Oxford proceeding indicated that the issues of the District's violation of law and negligence would not be considered in the Oxford hearing. Thereupon, the plaintiff initiated this proceeding before the State Department of Education against the District, claiming inadequate special education provided to her daughter. She brought this claim pursuant to Connecticut General Statutes § 10-76h(a)(1) which provides: "A parent or guardian of a child requiring special education . . . may request, in writing, a hearing of the local or regional board of education or unified schooldistrict responsible for providing such services whenever such school board or district opposes or refuses to initiate or change the identification, evaluation or educational placement of or the provision of a free appropriate public education to such child or pupil. . . ." (Italics added.)
A hearing on her complaint was convened on December 18, 1998. The State Department of Education hearing officer determined that the issue was whether or not there was jurisdiction to hold a due process hearing where the board against which the due process claim had been filed, was not the responsible educational agency. The hearing officer construed the language of § 10-76h(a)(1) that a hearing must be held by "the local or regional board of education . . . responsible for providing such services" to mean the board of education in which the plaintiff and her child lived. The plaintiff and her daughter do not live in Regional School District 16. Hence, the hearing officer determined that the Department of Education did not have jurisdiction to hold the due process hearing against the District and the hearing was accordingly dismissed.
In her appeal, the plaintiff claims that § 10-76h means that "parents have the right to a hearing against the public school providing services to their child, which was Regional 16 School District." Since the District has been providing special education services to her daughter, it, she asserts, is the proper defendant against which to make the claim, pursuant to § 10-76h.
Because there is no conflict over the facts of this case, we are not here concerned with the rule prohibiting the court from "substituting its judgment for that of the agency as to the weight of the evidence on questions of fact." Conn. Gen. Stat. § 4-183(j). The correct interpretation of a statute raises an issue of law that the court must CT Page 15959 determine, giving, however, "deference to an agency's interpretation of a statute that the agency is responsible for administering;" Bozrah Boardof Education v. State Board of Education, 30 Conn. App. 720, 726-27
(1993), aff'd 228 Conn. 433 (1994).
Connecticut has enacted a statutory scheme that imposes the obligation and responsibility of providing educational services, (whether special education or regular education) upon the school district where the child resides. Section 10-184 requires "each parent or other person having control of a child five years of age and over and under sixteen years of age shall cause such child to attend a public school regularly during the hours and terms of the public school in the district in which such childresides is in session." Section 10-186 implicitly provides that the local or regional board of education must furnish transportation and school accommodation for children who reside in the town. Section 10-20(a) provides "each local . . . board of education shall . . . make such provision as will enable each child of school age, residing in thedistrict to attend some public day school for the period required by law. . . ." Thus these statutes "establish the general rule that the town or school district where an eligible child resides is obligated to provide special education for the child." Regional School District No. 8v. Department of Education, No. CV 930052646, judicial district of Tolland at Rockville (September 12, 1994, Maloney, J.).
Section 10-76d(d) provides that a board of education may discharge its obligation to provide special education for its school age children by entering into an agreement with another board. However it is clear that the obligation to provide such special education services remains with the town of residence of the child in question, regardless of how the town's school district chooses to discharge its obligation to provide such services. Union School District v. Smith, 15 F.3d 15119, 1524 (9th Cir.), cert denied 513 U.S. 965 (1994). Bozrah Board of Education v.State Board of Education, 30 Conn. App. 720, 726-27 (1993).
It may be noted that the statutory and regulatory setting for special education is the product of both federal and state laws. The federal statute known as Individuals With Disabilities Education Act (IDEA),20 U.S.C. § 1400 et seq., requires state and local educational agencies to provide "free appropriate public education for all children with disabilities;" 20 U.S.C. § 1412 (a) and mandates that any "State educational agency, state agency, or local educational agency that receive [federal funding] shall establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provisions of free appropriate public education." 20 U.S.C. § 1415 (a). Connecticut's counterpart to this statute is our § 10-76a et seq. The State ofCT Page 15960Connecticut Unified School District No. 1 v. State Department ofEducation, 45 Conn. Sup. 57, 66 (1997).
Under the federal statute a school district remains responsible for disabled children residing within the district who receive free appropriate education in a placement outside the district. Union SchoolDistrict v. Smith, supra at 1524. Residency remains the touchstone for determining the identity of the responsible local educational agencies for purposes of a due process hearing. Smith ex rel Townsend v. SpecialSchool District No. 1, 184 F.3d 764, 767a (8th Cir. 1999). The determination of residency under the federal statute is the same as our state statute. Union School District v. Smith, supra at 1525.
This court concludes that Oxford is the responsible board of education within the meaning of § 10-76h(a)(1), and the fact that it entered into an agreement with the District to provide special education for plaintiff's daughter does not relieve Oxford from its responsibilities under the federal and state law. The District is not the responsible local educational agency and the State Department of Education's dismissal of plaintiff's claim against the District was correct.
As a consequence, this appeal is dismissed.
Robert Satter Judge Trial Referee