[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL CT Page 15338
The plaintiff, Scandia Construction and Development Corporation (Scandia), appeals the decision of the defendant, Planning and Zoning Commission of the Town of Ridgefield (Commission), to deny the plaintiff's application to resubdivide real property known as Lot 5, High Ridge Avenue. The defendant serves two capacities in Ridgefield. It is both the planning and zoning commission and the inland wetlands board, and, although the Commission denied the plaintiff's application in both capacities, only its decision as the planning and zoning commission is before the court on this appeal.
 FACTS
The relevant factual background of this action is as follows. In 1993, Scandia, a land developer, applied for subdivision plan approval with respect to five lots of land. The subject property was part of the five lot subdivision which was approved by the Commission in 1993 and recorded as Map #8082 in the Ridgefield Land Records. (Return of Record [ROR], Exhibit AP-111.)
Lot 5, the lot at issue in the present appeal, is a 2.022 acre parcel of land located within the subdivision. The larger parcel that was the subject of the 1993 subdivision was dissected by the dividing line between the one acre (RA) residence zone and the two acre (RAA) residence zone. In 1992, Scandia applied for and was granted a variance for lot size and density for the portion of the property that was located in the RAA zone to be allowed to use the requirements of the RA zone. (ROR, Exhibit B, p. 10.) The variance was not used by Scandia at that time. Lots 1, 2, 3 and 4 were developed. In the resubdivision application now before the court, Scandia sought to divide parcel 5 into two one acre lots.
The proposed subdivision at issue in this appeal would result in two lots: parcel 5A containing 1.021 acres and parcel 5B containing 1.001 acres. (ROR, Exhibit AP-I.) Both lots are bordered at the rear by wetlands. (ROR, Exhibit AP-I.)
On November 28, 2000, a public hearing was held by the town of Ridgefield to consider both the wetlands and subdivision application submitted by Scandia. In Ridgefield, one agency serves as both the planning and zoning commission and the inland wetlands board.
During the hearing, there was testimony from several nearby property owners concerning the issue of water runoff problems they were experiencing on their property. (ROR, Exhibit AA, pp. 115-24.) The Ridgefield Conservation Commission submitted a letter asking for denial CT Page 15339 of the application based upon the potential surface water runoff problems. (ROR, Exhibit AA, p. 86.)
In its subdivision application, Scandia requested a waiver of § 4-20
of the Ridgefield subdivision regulations which concerns minimum lot size. Scandia's attorney claimed that Scandia was entitled to a waiver of this regulation because of the variance that it was granted by the zoning board of appeals in 1992. (ROR, Exhibit AA, pp. 86-87.) The Commission is empowered to waive the requirements of the subdivision regulations pursuant to § 11-1 of the subdivision regulations.
At the public hearing, there was also discussion of Scandia's need for a waiver of § 4-19 of the subdivision regulations which provides that lots in a two acre zone must contain 1.4 acres of non-wetlands. (ROR, Exhibit PP.) Scandia argued that it did not need to seek a waiver of § 4-19 because this was also covered by the variance granted by the zoning board of appeals. (ROR, Exhibit AA, p. 141.)
On December 12, 2000, the agency, acting in its capacity as the inland wetlands board, denied the summary ruling application.
At its meeting on January 9, 2001, the Commission denied the subdivision application. (ROR, Exhibit UU.) The Commission assigned two reasons for the denial: (1) its denial of the summary ruling application acting as the inland wetlands board on December 14, 2000; and, (2) the failure to obtain a variance of § 305.07 of the zoning regulations and § 4.19 of the subdivision regulations. (ROR, Exhibit UU.)
 JURISDICTION
General Statutes § 8-8 governs an appeal from the decision of a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). Scandia is the owner of the property affected by the Commission's action and is an aggrieved party. General Statutes § 8-8; WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991). CT Page 15340
Timeliness and Service of Process
An appeal shall be commenced by service of process within fifteen days from the date that the Commission's notice of decision is published. General Statutes § 8-8 (b). The Commission denied Scandia's application on January 9, 2001, and notice was published in the Ridgefield Press on January 18, 2000. (ROR, Exhibits VV and XX.) The Marshal's return indicates that service was made on January 25, 2001. The Marshal's return also indicates that service was properly delivered to both the town clerk and the chairman of the Commission in accordance with General Statutes § 8-8 (e). Accordingly, the court concludes that this appeal was timely served upon the proper parties.
 STANDARD FOR JUDICIAL REVIEW
The function of a trial court on appeal from a planning and zoning commission's decision is to determine whether substantial evidence exists in the record to support the Commission's decision. DeBeradinis v. ZoningCommission, 228 Conn. 187, 199-200, 635 A.2d 1220 (1994). A commission has reasonable discretion in interpreting and applying its zoning regulations to the facts of each case. Irwin v. Planning ZoningCommission, 244 Conn. 619, 627-28, 711 A.2d 675 (1998). "Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. . . . This cautionary advice is especially apt whenever the court is reviewing a decision of a local commission composed of laypersons." (Citations omitted; internal quotation marks omitted.) Samperi v. Inland Wetlands Agency, 226 Conn. 579, 596,628 A.2d 1286 (1993). "Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned wounds are reasonably supported by the record and whether they are pertinent to the considerations which the [board] was required to apply under the zoning regulations. . . . It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Brackets in original; citations omitted; internal quotation marks omitted.) R R Pool Patio, Inc. v. Zoning Board of Appeals,257 Conn. 456, 470, ___ A.2d ___ (2001). Scandia carries the burden of demonstrating that the Commission acted improperly. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995).
 DISCUSSION
In its complaint, Scandia asserts the following as grounds for this appeal: CT Page 15341
 In denying the resubdivision application the defendant Commission acted illegally, arbitrarily and in abuse of its discretion in that:
 (a) it failed to approve a subdivision application which met the zoning and subdivision regulations;
 (b) it failed to assign proper reasons for denying the application;
 (c) the denial of the inland wetlands application is not a valid ground for denying a subdivision application for the same property even if approval of a regulated activities permit may be necessary to build upon and use the property;
 (d) the variance granted by the Zoning Board of Appeals in 1992 allowed the subject property to be used for one acre lots, and under both section 305.07 of the Zoning Regulations and section 4-19 of the Subdivision Regulations one acre lots only require 0.8 acres of non-wetland areas for the location of the main structure, accessory buildings, sewage disposal systems and water supply, and the two lots each contain over 0.8 acres of non-wetland areas, and no structures were proposed to be located in wetlands;
 (e) the variance allowing one acre lots for the subject property applies to section 305.07 of the Zoning Regulations since it is impossible to have 1.4 acres of non-wetlands on a one acre lot, and the 1.4 acre provision applies only to lots in the two acre zone;
 (f) a planning commission does not have the legal authority to determine minimum lot size, which is a function delegated to the zoning commission by statute, and sections 4-19 and 4-20 of the Subdivision Regulations exceed the Commission's statutory authority and cannot be used to supercede a zoning variance of minimum lot size granted by the Zoning Board of Appeals for the subject property;
 (g) the denial of the application is not supported by substantial evidence in the record, or a proper CT Page 15342 interpretation of the sections of the regulations referred to in the Commission's resolution.
Because Scandia does not specifically address each of these grounds in their brief, the court will not do so either. Lizotte v. ConservationCommission, 216 Conn. 320, 328, 579 A.2d 1044 (1990) (claim neither briefed nor presented to the trial court deemed abandoned); Collins v.Goldberg, 28 Conn. App. 733, 738, 611 A.2d 938 (1992) ("[b]ecause the plaintiff failed to brief the other claims set forth in the complaint, the trial court properly considered them abandoned."). Accordingly, the court will turn its attention to those arguments briefed by Scandia.
In its brief, Scandia essentially makes two arguments. First, Scandia argues that because the 1992 variance allows it to divide the subject property into one acre lots, the Commission abused its discretion by denying its resubdivision application for the failing to comply with sections of the zoning and subdivision regulations that require 1.4 acres of non-wetlands. Second, Scandia argues that the Commission improperly cited the inland wetland board's denial of Scandia's wetlands application as a reason for denying its subdivision application.
The first issue in this appeal is whether the applicant needed a waiver of a requirement, in both the zoning regulations and the subdivision regulations, that a lot in a two acre zone must contain 1.4 acres of non-wetlands. The Commission maintained that the applicant was required to obtain a variance of § 305.07 of the zoning regulations and a waiver of § 4.19 of the subdivision regulations which pertain to lot arrangement. Both regulations require 1.4 acres of dry land in the RAA zone. Section 305.07 provides that "[for each lot which includes wetlands within its boundaries at least . . . one and four-tenths (1.4) acre in an RAA zone or eight-tenths (0.8) acre in an RA zone . . . shall consist of land, not including wetlands, suitable for the location of the main structure, accessory buildings, sewage disposal system and water supply." Section 4-19 of the subdivision regulations states, in part, "[w]here a proposed subdivision plan includes wetlands within the boundaries of a lot or lots in RAAA, RAA, RA zones, at least one and eight-tenths (1.8) acre in an RAAA zone, one and four tenths (1.4) acre in an RAA zone or eight-tenths (0.8) acre in an RA zone . . . shall consist of contiguous land, not including wetlands, suitable for the location of the main structure, accessory buildings, sewage disposal systems and water supply."
Scandia argues that waivers of § 305.07 and § 4-19 are unnecessary because the 1992 variance effectively allows Scandia to divide the subject property into one acre lots. The Commission argues, on the other hand, that § 305.7 and § 4.19 do not deal with area CT Page 15343 requirements, but, rather, with the suitability of the land to be subdivided. The Commission's position, therefore, is that the 1992 variance is not in conflict with the subdivision regulations.
Both of the proposed lots exceed one acre in size, and each contains over 0.8 acres of dry land. Practically speaking, it would be impossible for Scandia to subdivide its 2.022 acre parcel into two lots pursuant to the 1992 variance if it is required to meet the requirement that lots in a RAA zone must contain 1.4 acres of dry land. Ridgefield Zoning Regs., § 305.07; Ridgefield Subdivision Regs., § 4-19. The court is persuaded by Scandia's argument that the 1992 variance is binding on the Planning and Zoning Commission when reviewing the subdivision lots in question, and that a planning commission cannot require subdivision lots to meet different or higher standards when reviewing a subdivision application.
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850, 857,670 A.2d 1271 (1996). A variance "is a legal status granted to a certain parcel of realty without regard to ownership." Garibaldi v. Zoning Boardof Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972). A variance runs with the land. General Statutes § 8-6 (b). For a variance to be granted under General Statutes § 8-6 (b), two conditions must be met: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship. . . ." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 207. As such, the granting of a variance is generally reserved for unusual or exceptional circumstances. Cumberland Farms, Inc. v.Groton, 247 Conn. 196, 215, 719 A.2d 465 (1998). In the present case, the variance granted in 1992 was never appealed. (ROR, Exhibits CC EE.)
In their respective briefs, both parties cite various cases which discuss conflicts between the zoning and subdivision regulations. InChatlos v. Planning Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 218899 (January 22, 1986, Jacobson, J.) (1 C.S.C.R. 58), the court held that the Fairfield Planning and Zoning Commission abused its discretion when it chose to ignore a variance wanted by the zoning board of appeals. The court stated that a planning and zoning commission is not within its authority to deny a subdivision or resubdivision application on the grounds that the applicants are not in compliance with the town's zoning regulations where the applicants have already received a variance from those zoning regulations. Id., 59. CT Page 15344
In the present case, the Commission argues that its actions are not in conflict with Chatlos, because it did not deny the application based upon failure to comply with any zoning regulation concerning minimum lot size or density. The court does not agree. By enforcing § 4.19 of the subdivision regulations and § 305.07 of the zoning regulations, the Commission is, in effect, forcing Scandia to meet a condition that is impossible to comply with based on the size of the parcels.
In Camp v. Planning Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 319318 (October 13, 199S, Riefberg, J.), the court held that a planning and zoning commission was not within its authority to deny a subdivision application on the grounds that the applicants are not in compliance with the town's zoning regulations where the applicants have already received a variance from those zoning regulations. Similarly, in Adams v. Planning Zoning Commission,
Superior Court, judicial district of Litchfield, Docket No. 074240 (December 19, 1997, Pickett, J.T.R.), the court concluded that "[a]fter the zoning board of appeals granted the variance, that became the applicable zoning regulation for the subject property."
Cristofaro v. Burlington, 217 Conn. 103, 584 A.2d 1168 (1991), supports Scandia's argument that lot size, lot area, density and similar matters are the sole function of the zoning authority, and that the Commission, acting in its role as a planning commission, cannot enact regulations providing for more stringent minimum lot sizes than provided for in the zoning regulations. Id., 107. In this case, the Commission's denial of the resubdivision application was tantamount to enacting a more stringent regulation. The 1992 variance operates as the relevant zoning regulation for the subject property, and the Commission could not require Scandia to meet a higher standard.
Even though the property in question is situated in a RAA zone, the 1992 variance was to allow one acre lots in the two acre zone for the subject property. The effect of the variance is to treat the subject property as if it were in a one acre zone. Neither proposed lot could comply with the 1.4 acre requirement set forth in either § 305.07 of the zoning regulations or § 4.19 of the subdivision regulations. Accordingly, the court concludes that the Commission abused its discretion when it denied the application.
 II
Scandia also claims that the Commission abused its discretion by denying its application for the reason that the inland wetland board denied its inland wetland application. Scandia argues that although the defendant Commission serves as both the planning and zoning commission CT Page 15345 and the inland wetlands board for Ridgefield, these are distinct functions, and the wetlands agency should not have veto power over the approval of any proposed subdivision.
The plaintiff relies on the holding in Thoma v. Planning and ZoningCommission, 31 Conn. App. 643, 648, 626 A.2d 809 (1993), aff'd,229 Conn. 325, 640 A.2d 1006 (1994). In Thoma, the town enacted a regulation giving its wetlands agency veto power over any proposed subdivision application if the land to be subdivided contained wetlands. The court in Thoma held that giving a wetlands agency veto power directly contradicted the division of authority mandated by General Statutes § 8-26, and the planning commission impermissibly delegated authority over a subject matter that was solely within its province. Id., 651.
Distinguishing this case from Thoma, the Commission argues that there was no delegation of the Planning Commission's authority to render a decision on the subdivision application, and nowhere in the regulations of the town of Ridgefield is veto power given to the inland wetlands board. The court agrees.
"[T]he burden of showing that the agency has acted improperly rests upon the one who asserts it." (Citations omitted; internal quotation marks omitted.) Connecticut Resources Recovery Authority v. Planning ZoningCommission, 225 Conn. 731, 751, 626 A.2d 705 (1993). By arguing that the inland wetland board essentially vetoed the subdivision application, Scandia raises the specter of improper conduct, but the court finds no support for this claim in the record.
The court concludes that the Commission did nothing more than give due consideration to the inland wetland board's decision to deny the application, as provided by General Statutes § 8-26.[1] That the Commission chose to include the inland wetland board's denial in its reasons for denial of the resubdivision application was not an abuse of discretion.
 CONCLUSION
The court concludes that because the 1992 variance allows for one acre zoning, the Commission abused its discretion when it denied Scandia's resubdivision application for failure to comply with § 4.19 of the subdivision regulations and § 305.07 of the zoning regulations. The court also concludes that the Commission did not abuse its discretion by including the inland wetland board's denial in its reasons for denying the subdivision application. For the foregoing reasons, this appeal is sustained in part and dismissed in part. CT Page 15346
Ginocchio, J.