[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court has reviewed the briefs of plaintiffs counsel dated July 10, 2002 and June 5, 2002 and defendant's counsel dated August 19, 2002 and June 10, 2002.
While the court understands the position of the defendant regarding the imbalance weighed in favor of a plaintiffs offer of judgment, nevertheless, the trial court is bound by the statute, § 52-192a and the decision of the Supreme Court interpreting the statute.
The trial court must reject the argument that interest should be calculated from the date that the culpable defendant was served, which was some time after the original complaint was served. See Lutynski v.B.B. J., Trucking, Inc., 229 Conn. 325 (1994), and Willow SpringsCondo. Assoc. Inc. v. Seventh BRT Development Corp., 245 Conn. 1 (1998). There is no exception for cited in parties such as the culpable defendant, the City of Stamford. Therefore, interest will be calculated from the date the original complaint was filed with the court.
So Ordered.
DOWNEY, J. CT Page 11234