LYNN ANDREWS ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF
WALLINGFORD ET AL.
(AC 26713)

Flynn, C. J., and DiPentima and Foti, Js.

---

Argued May 24—officially released September 5, 2006

*Janis M. Small*, town attorney, for the appellant (named defendant).

*Timothy J. Lee*, with whom, on the brief, was *Jonathan R. Chappell*, for the appellees (plaintiffs).

*Opinion*

DiPENTIMA, J. This appeal addresses the statutory authority of a town planning and zoning commission to enact subdivision regulations. The defendant planning and zoning commission of the town of Wallingford (commission)[1] appeals from the judgment of the trial court finding that the commission had exceeded its authority under General Statutes § 8-25 by amending its subdivision regulations to require that all proposed

[1] The other defendant, John Whitney, chairman of the commission, is not a party to this appeal.

streets connect to an existing Wallingford road. On appeal, the commission contends that the court improperly nullified the amendment because § 8-25 provides the commission with the necessary authority to enact such a regulation. We disagree with the commission's claim and affirm the judgment of the trial court.

The following facts and procedural history inform our disposition of the commission's appeal. The plaintiffs, Lynn Andrews and Jeff Andrews, submitted an application to the commission seeking to subdivide property that they owned in Wallingford. Access to the proposed subdivision was to be by way of an existing road in North Branford. Subsequent to the plaintiffs' submission of their application, the commission applied to amend its subdivision regulations to add the following requirement: "All proposed streets shall be connected to existing public roads within the Town of Wallingford."[2] A public hearing on the amendment was held on October 15, 2003. At that hearing, the only comment or explanation from the commission was made by Linda Bush, the town planner, who stated that she always had believed that this requirement was in the regulations until the commission had received the plaintiffs' subdivision application. She further stated that this would "put it on the books that if you are going to build a road, it has to be connected to an existing road so that police, fire and school buses can get there from Wallingford." No one from the public had a comment or question, and the amendment was then approved.

---

[2] At oral argument, counsel for the commission represented that at the time of the amendment's enactment, the plaintiffs' application for subdivision either had already been denied or was pending. Counsel represented that, in any event, the denial of the plaintiffs' application was not related to the amendment. The parties, however, stipulated before the trial court that the plaintiffs' property would be affected by the subdivision regulations. The court therefore found the plaintiffs to be aggrieved by the action of the commission.

The plaintiffs appealed to the trial court from the commission's decision amending the subdivision regulations. The court found that the public hearing on the amendment could not have lasted more than three minutes, failed to provide any indication as to how many parcels of land would be affected and was without input from the fire department, police department or the board of education. The court held that the commission had exceeded its statutory authority under § 8-25, sustained the plaintiffs' appeal and declared the amendment null and void.[3] This appeal followed.

On appeal, the commission's sole claim is that § 8-25 authorizes a regulation requiring new subdivision streets to be connected to existing Wallingford streets.[4] The principal issue therefore presents "questions of law turning upon the interpretation of statutes." (Internal quotation marks omitted.) *Smith* v. *Zoning Board of Appeals*, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994). "When . . . the trial court draws conclusions of law, [the scope of our appellate] review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Lewis* v. *Planning & Zoning Commission*, 76 Conn. App. 280, 284, 818 A.2d 889 (2003).

---

[3] Following the court's decision, the commission filed a motion to reargue because the court had based its decision on grounds not argued by the parties. The court granted the commission's motion, and both parties submitted briefs on this issue. Subsequently, the court issued a supplemental memorandum of decision affirming its prior decision.

[4] The plaintiffs dispute this assertion and additionally argue that the commission's decision was not supported by substantial evidence, that the amendment was an abuse of the commission's discretion, that it constituted illegal spot zoning and that it constituted a confiscation of the plaintiffs' property without just compensation. Because we agree with the court that the commission exceeded its authority in enacting this amendment, we need not address these additional arguments.

General Statutes § 8-25 provides a planning commission with the authority to establish subdivision regulations. *Finn* v. *Planning & Zoning Commission*, 156 Conn. 540, 543, 244 A.2d 391 (1968). The scope of the commission's authority is detailed specifically in the statute. See *Thoma* v. *Planning & Zoning Commission*, 31 Conn. App. 643, 650, 626 A.2d 809 (1993), aff'd, 229 Conn. 325, 640 A.2d 1006 (1994). "As a creature of the state, the [town] can exercise only such powers as are expressly granted to it, or such powers as are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation." (Internal quotation marks omitted.) *Avonside, Inc.* v. *Zoning & Planning Commission*, 153 Conn. 232, 236, 215 A.2d 409 (1965). Therefore, a subdivision regulation can be adopted only with positive statutory authorization. *Sonn* v. *Planning Commission*, 172 Conn. 156, 159, 374 A.2d 159 (1976). As our Supreme Court repeatedly has stated, "the whole field of subdivision regulation is peculiarly a creature of legislation. It is therefore imperative that before subdivision regulations may be made operative, the necessary statutory authorization for such regulation must exist." (Internal quotation marks omitted.) *Finn* v. *Planning & Zoning Commission*, supra, 545. "In other words, in order to determine whether the regulation in question was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment." *Avonside, Inc.* v. *Zoning & Planning Commission*, supra, 236. Accordingly, the power of the commission to adopt subdivision regulations is limited by the terms of its enabling statute, and the regulation must not go beyond the power delegated by the statute. *Smith* v. *Zoning Board of Appeals*, supra, 227 Conn. 82.

Section 8-25 (a) provides in relevant part: "Before exercising the powers granted in this section, the commission shall adopt regulations covering the subdivision

of land. . . . Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety . . . and that the proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of conservation and development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. . . ."

No provision in § 8-25 gives the commission the specific authority to require that proposed streets connect with existing roads within the town of the subdivision. See *Finn* v. *Planning & Zoning Commission*, supra, 156 Conn. 545. With respect to roads, the statute authorizes a town to ensure only that proposed subdivision roads are in harmony with existing roads in the plan of development, form safe intersections with existing roads, and are arranged and of adequate width to handle the existing and proposed traffic on such roads. The commission's regulation, without more, does not satisfy any of these specifically referenced purposes.

The commission seems to suggest that the language of § 8-25 that subdivided land "be of such character that it can be used for building purposes without danger to health or the public safety" authorizes the regulation. It made no showing, however, as to how or why requiring proposed streets to connect to existing Wallingford roads is necessary for health and public safety. The only basis in the record for such a nexus is the town planner's statement that "if you are going to build a road, it has to be connected to an existing road so that police, fire and school buses can get there from Wallingford." No evidence was provided in support of this statement and, as indicated by the court, there was no input from the municipal departments allegedly

affected by the failure to have such a regulation in place. In light of the limitations on a planning commission's legislative authority, we conclude that this solitary statement is insufficient to show that the regulation was required for health and public safety and therefore authorized by § 8-25.

That the commission must provide some connection to the enabling statute for its legislative action finds support in our case law reviewing similar limitations on subdivision development. We find particularly informative our Supreme Court's decisions in *Crescent Development Corp.* v. *Planning Commission*, 148 Conn. 145, 168 A.2d 547 (1961), and *Smith* v. *Zoning Board of Appeals*, supra, 227 Conn. 71.[5]

In *Crescent Development Corp.*, the proposed subdivision was located in both New Canaan and Stamford, but the only access road to the public highway for both towns was through New Canaan. *Crescent Development Corp.* v. *Planning Commission*, supra, 148 Conn. 147. Our Supreme Court upheld the New Canaan planning and zoning commission's approval of the subdivision, which was conditioned on the construction of an access road from the developer's land to an established or public road in Stamford. Id., 152–53. Such a requirement comported with the enabling act, which explicitly authorizes the commission to regulate for traffic needs.

---

[5] In support of its assertion that the enabling statute permits it to promulgate the subdivision regulation at issue in this case, the commission cites our Supreme Court's decision in *Nicoli* v. *Planning & Zoning Commission*, 171 Conn. 89, 368 A.2d 24 (1976). In that case, our Supreme Court upheld the Easton planning and zoning commission's approval of a proposed subdivision on condition that the proposed public road in an adjoining town was connected to one in Easton. Id., 96. In that case, however, the court was reviewing the commission's conditional approval of an application for subdivision, rather than the validity of the regulation itself. The court specifically noted that the parties had not challenged whether the regulation fell within the purview of its enabling act. Id., 92. Thus, *Nicoli* has no bearing on the question raised in this appeal.

On the basis of the record of the hearing on the subdivision application, the commission was able to express a sufficient connection between its regulation and the enabling statute. Specifically, the commission articulated that its purpose in requiring the condition was to prevent great traffic density at the proposed road's intersection, which would cause the proposed road not to be in harmony with the existing public road "in regard to safe intersections . . . ." (Internal quotation marks omitted.) Id., 150. In contrast, no such connection to the enabling statute was made in this case.

Similarly, in *Smith*, the defendant zoning board of appeals had made a strong showing in support of the commission's regulation.[6] At issue in *Smith* was a developer's appeal from a denial of a subdivision application on the basis of consideration of historical factors. *Smith* v. *Zoning Board of Appeals*, supra, 227 Conn. 77. Our Supreme Court concluded that the regulation was not beyond the scope of § 8-25 after agreeing with the board that the provision for health and public safety includes protection of the environment, which, in turn, encompasses historic preservation. Id., 84. In support of its argument, the board demonstrated that the regulation comported with a number of other generally accepted requirements: The preservation of historic resources was listed among the basic objectives in the town plan, a provision of the Greenwich land use regulations specifically permitted an evaluation of historical factors in subdivisions located within the coastal zone, General Statutes § 7-147a et seq. expresses a public policy favoring historic preservation, and the developer's deed contained a restriction subjecting the land to regulations imposed because it was located in a historic district. *Smith* v. *Zoning Board of Appeals*, supra, 78–79.

---

[6] In *Smith*, "the zoning board of appeals acted, in effect, as the planning and zoning commission because it reviewed the challenged decision of the commission de novo." *Smith* v. *Zoning Board of Appeals*, supra, 227 Conn. 74 n.1.

Unlike in *Smith*, the commission in the present case did not show that its regulation accorded with any other established requirements.

Because nothing in § 8-25 expressly authorizes the commission to require that any proposed subdivision street connect to an existing Wallingford road, and because the commission made no showing that such a regulation is necessary for health and public safety, we conclude that the commission exceeded its statutory authority and the amendment is therefore null and void.

The judgment is affirmed.

In this opinion the other judges concurred.