# KRISTINE PINCHBECK *v.* DEPARTMENT OF PUBLIC HEALTH ET AL.
## (AC 20125)

Dranginis, Flynn and O'Connell, Js.

Argued April 2—officially released August 21, 2001

*Thomas E. Crosby*, for the appellant (plaintiff).

*Marianne I. Horn*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellees (defendant department of public health et al.).

*Marjorie F. Shansky*, for the appellees (defendant Gary Friedlaender et al.).

*Opinion*

DRANGINIS, J. The plaintiff, Kristine Pinchbeck,[1] appeals from the trial court's judgment dismissing her action for a declaratory judgment, which she brought following the denial by the defendant department of public health (department) of her request for intervenor status in the department's evaluation and approval of a sewage disposal system that had been proposed by the defendants Gary Friedlaender and Linda Friedlaender (Friedlaenders).[2] On appeal, the plaintiff claims that the court improperly (1) determined that she lacked standing to bring a declaratory judgment action pursu-

---

[1] Pinchbeck died on September 2, 2000, while this appeal was pending. Her claim is continued by her husband, William Pinchbeck, the executor of her estate, whose motion to be substituted as the plaintiff was granted by this court. For purposes of this opinion, however, references to the plaintiff are to Kristine Pinchbeck.

[2] In her complaint, the plaintiff named as defendants the department of public health, the department's then commissioner, Stephen A. Harriman, and Gary Friedlaender and Linda Friedlaender.

ant to General Statutes § 4-175[3] and (2) concluded that it lacked jurisdiction over the case despite an earlier, contrary ruling. We disagree and affirm the judgment of the trial court.

The applicable facts and procedural history are undisputed. The plaintiff owns real property abutting the real property of the Friedlaenders. The Friedlaenders wanted to build an addition to their existing one story structure. Pursuant to regulations promulgated by the department; see Regs., Conn. State Agencies, §§ 19-13-B103d and 19-13-B103e; the Friedlaenders were required to submit to the local director of health an application for approval of their proposed subsurface sewage disposal system to assure compliance with the state Public Health Code upon completion of the addition. On January 8, 1998, the local director of health submitted the Friedlaenders' proposed plan to the department for review for compliance with the Public Health Code. On May 11, 1998, Arthur J. Castellazzo, a senior sanitary engineer with the department, recommended approval of the Friedlaenders' proposed plan with certain modifications.

On May 20, 1998, the plaintiff requested an administrative review of or appeal from the department's recommendation. The department, through Thomas

[3] General Statutes § 4-175 (a) provides: "If a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency (1) does not take an action required by subdivision (1), (2) or (3) of subsection (e) of section 4-176, within sixty days of the filing of a petition for a declaratory ruling, (2) decides not to issue a declaratory ruling under subdivision (4) or (5) of subsection (e) of said section 4-176, or (3) is deemed to have decided not to issue a declaratory ruling under subsection (i) of said section 4-176, the petitioner may seek in the Superior Court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes, the regulation or the final decision in question to specified circumstances. The agency shall be made a party to the action."

Furgalack, director of the environmental health division, indicated that no process for internal review existed because the state merely gave an advisory opinion to the local health board. Accordingly, the department denied the plaintiff's request for an administrative review of or appeal from the recommendation that the Friedlaenders' application be approved. The plaintiff then requested that the department grant her intervenor status and issue a declaratory ruling, pursuant to General Statutes § 4-176, that the department's approval of the Friedlaenders' application be declared invalid. The department denied the plaintiff's request by letter dated August 3, 1998. A supplemental letter of denial provided detailed reasons for the denial.

On August 21, 1998, the plaintiff initiated the present action, asking the court to declare void the department's denial of her request for intervenor status and its recommended approval of the Friedlaenders' proposed plan with certain modifications. On November 6, 1998, the department filed a motion to dismiss on the basis that the plaintiff, as an abutting property owner, was not aggrieved by any action taken by the agency and that the court lacked subject matter jurisdiction. On December 14, 1998, the court denied the motion.

On May 21, 1999, the Friedlaenders filed a motion to strike the complaint for failure to state a claim, arguing that the plaintiff's declaratory judgment action was an improper attempt to disguise an administrative appeal as a declaratory judgment action. On May 24, 1999, the department and the defendant commissioner of public health, Stephen A. Harriman, also filed a motion to strike the complaint on the same grounds that were alleged by the Friedlaenders. On September 28, 1999, the court rendered judgment dismissing the complaint and stated in its memorandum of decision: "[The plaintiff] lacks standing to seek a declaratory judgment pur-

suant to § 4-175. The plaintiff's action is dismissed." This appeal followed.

I

The plaintiff first claims that the court improperly ruled that she lacked standing to seek a declaratory judgment pursuant to § 4-175 and that the court therefore lacked subject matter jurisdiction.

Because a determination regarding a trial court's subject matter jurisdiction presents a question of law, our review of the plaintiff's claim is plenary. *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999).

We now turn to the plaintiff's claim that the court improperly determined that she lacked standing to bring a declaratory action. "It is a basic principle of our law . . . that the [plaintiff] must have standing in order for a court to have jurisdiction to render a declaratory judgment." (Internal quotation marks omitted.) *Connecticut Assn. of Health Care Facilities, Inc.* v. *Worrell*, 199 Conn. 609, 613, 508 A.2d 743 (1986). "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . Thus, standing does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." (Internal quotation marks omitted.) *Lewis* v. *Swan*, 49 Conn. App. 669, 675, 716 A.2d 127 (1998); see also *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, 236 Conn. 453, 463, 673 A.2d 484 (1996).

"[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case." *Novicki* v. *New Haven*, 47 Conn. App. 734, 739, 709 A.2d 2 (1998). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 579, 668 A.2d 688 (1995).

The court stated in its memorandum of decision: "The plaintiff's action is expressly brought pursuant to § 4-175. The issue then is whether the plaintiff is entitled to seek the relief authorized by the statute. Standing is not conferred upon a plaintiff merely by virtue of the fact that the complaint recites the provisions of the statute under which it is brought. . . . Rather, a complaint brought pursuant to § 4-175 must set forth facts to support an inference that a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. . . . In the absence of compliance with the authorizing statute, the plaintiff lacks standing. . . . The complaint in the present action is devoid of any allegation that any statute, regulation or final decision of the agency, or its threatened application, has interfered with or impaired, or threatens to interfere with or impair, the legal rights of the plaintiff." (Citations omitted; internal quotation marks omitted.)

We conclude that the court correctly found that the plaintiff lacked standing and, therefore, the court lacked subject matter jurisdiction over the action. General Statutes § 4-175 does not authorize the plaintiff to bring an action. The plaintiff's requested relief demonstrated her lack of standing. She did not ask the court to decide whether a regulation is valid or whether a regulation, statute or decision applied to the facts of this case.

Rather, she asked that the court overrule the determination by the department's subsurface sewage experts that the Friedlaenders' septic system may be installed provided they meet five modifications set out in the recommended approval. We conclude, therefore, that the court properly determined that such relief was not available under § 4-175.

## II

The plaintiff further claims that the court improperly determined that it lacked subject matter jurisdiction despite an earlier, contrary ruling by another trial court and without holding an evidentiary hearing. We disagree.

The following additional facts are necessary to our resolution of the plaintiff's claim. On November 6, 1998, the department filed a motion to dismiss, claiming that the plaintiff was not aggrieved by the agency's action and that there was no final decision by the agency as required by § 4-175. On December 14, 1998, the court denied the motion to dismiss. On May 21 and 24, 1999, the defendants filed motions to strike, claiming that the plaintiff's complaint did not comply with the requirements of Practice Book §§ 17-54 and 17-55, and that it failed to state a claim upon which relief could be granted. On September 28, 1999, the court dismissed the complaint, ruling that the plaintiff lacked standing to seek a declaratory judgment under § 4-175, which thus deprived the court of subject matter jurisdiction.

## A

The plaintiff argues on appeal that the law of the case doctrine bound the court to adhere to an earlier ruling in which another trial court refused to grant the department's motion to dismiss. That claim is without merit. This court has held that when the jurisdiction of the trial court is implicated, an adjudicator is not bound

by the law of the case doctrine, but should consider independently the issue of jurisdiction. *Westbrook* v. *Savin Rock Condominiums Assn., Inc.*, 50 Conn. App. 236, 240, 717 A.2d 789 (1998). "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Internal quotation marks omitted.) Id.

It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 572, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). We conclude that the court had the authority to determine the defendants' motions to strike, notwithstanding the contrary ruling of another judge in the case.

B

The plaintiff also argues that the court improperly ruled on the motions to strike without allowing her an evidentiary hearing. The plaintiff claims that due process demands an evidentiary hearing. That claim also is without merit.

In determining whether a complaint is subject to dismissal for lack of jurisdiction, "a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998).

"Inquiry into whether particular procedures are constitutionally mandated in a given instance requires

adherence to the principle that due process is flexible and calls for such procedural protections as the particular situation demands. *Morrissey* v. *Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). There is no per se rule that an evidentiary hearing is required whenever a liberty interest may be affected. Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . *Ingraham* v. *Wright*, 430 U.S. 651, 675, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977)." (Internal quotation marks omitted.) *State* v. *Lopez*, 235 Conn. 487, 492–93, 668 A.2d 360 (1995).

We conclude that there was no reason for the court to conduct a separate evidentiary hearing to address the jurisdictional issue. In the absence of any disputed facts pertaining to jurisdiction, a court is not obligated to hold an evidentiary hearing before dismissing an action for lack of jurisdiction. *Amore* v. *Frankel*, 228 Conn. 358, 369, 636 A.2d 786 (1994). Although she claimed that she should have been allowed to present further evidence in support of her claim that she had standing, the plaintiff fails to identify any specific issue of fact in dispute that would have affected the court's determination that it lacked jurisdiction. Indeed, given the court's conclusion that the complaint did not properly invoke § 4-175, any additional testimony regarding the plaintiff's claim of potential harm from her neighbors' proposed septic system would not have rehabilitated what was, from its inception, a fatally flawed attempt by the plaintiff to avail herself of that statute.

Furthermore, the plaintiff had an opportunity, when arguing the motion to dismiss, to submit a brief and oral argument on the issue of standing. The court reviewed that brief and the transcript of the hearing on the motion to dismiss before determining that it lacked jurisdiction. Finally, at the hearing on the motions to strike, the court raised its concern about standing and

heard argument on that issue. We conclude, therefore, that the plaintiff was heard on the jurisdictional issue within due process standards and that her claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.