KRISTINE PINCHBECK *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF GUILFORD ET AL.
(AC 21015)

Landau, Mihalakos and Dranginis, Js.

Argued June 11, 2001—officially released May 21, 2002

*Thomas E. Crosby*, for the appellant (plaintiff).

*Charles R. Andres*, for the appellee (named defendant).

*Marjorie Shansky*, for the appellees (defendant Gary Friedlaender et al.).

*Opinion*

MIHALAKOS, J. The plaintiff, Kristine Pinchbeck,[1] appeals from the trial court's judgment affirming the action of the defendant planning and zoning commission of the town of Guilford (commission) and dismissing her appeal. The dispositive issue on appeal is whether the commission properly decided that the sec-

---

[1] Because the plaintiff, Kristine Pinchbeck, died during the pendency of this appeal, William Pinchbeck, her husband and executor of her estate, was substituted as the plaintiff with this court's permission.

ond coastal area management (CAM II) site plan application that was submitted by the defendants Gary Friedlaender and Linda Friedlaender merely was a revision of their earlier application (CAM I), and, therefore, not subject to de novo review. We conclude that the commission should have considered CAM II as a new application and afforded it de novo review.[2] Accordingly, we reverse the judgment of the trial court.

The following facts and procedural history are necessary to our resolution of this appeal. The Friedlaenders, who own real property abutting that of the plaintiff, submitted CAM I to the commission, seeking to add two stories to their single-family residence. The commission approved CAM I, and the plaintiff appealed from that decision to the Superior Court. The court rendered judgment dismissing the plaintiff's appeal. On October 9, 1997, prior to the court's decision, the Guilford engineering department rescinded its original approval of the Friedlaenders' septic system.[3] In response, the

[2] The plaintiff's remaining claims on appeal are that the court improperly upheld the commission's approval of the Friedlaenders' CAM II application (1) when the commission voted twice on the CAM II proposal in violation of H. Robert, Rules of Order (9th Ed. 1990) § 36, (2) when the commission failed to determine whether its second motion to approve CAM II was substantially different from its first motion to approve CAM II, (3) when the commission's approval of CAM II violated §§ 273-4 and 273-91 of the Guilford zoning regulations, and General Statutes §§ 22a-105, 22a-106, 22a-106a, 22a-107, 22a-108 and 22a-109, (4) when neither of the Friedlaenders supplied the plaintiff with a copy of the CAM II proposal prior to the public hearing before the commission and (5) without finding that members of the commission were biased against the plaintiff at the initial public hearing on the CAM II application. Because we conclude that the plaintiff's first claim on appeal is dispositive, we need not address the remaining issues.

[3] When the Guilford engineering department rescinded its approval of the Friedlaenders' septic system, the commission's approval of CAM I became void. See *Gagnon* v. *Planning Commission*, 24 Conn. App. 413, 588 A.2d 1385 (1991) (concluding approval of revised site plan controlled rights to develop parcel of land), aff'd, 222 Conn. 294, 608 A.2d 1181 (1992). At the time of this appeal, the plaintiff's appeal relative to CAM I still was pending in Superior Court. See *Pinchbeck* v. *Dept. of Public Health*, 65 Conn. App. 201, 782 A.2d 242, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001). For those reasons, the plaintiff's appeal relative to CAM I now is moot.

Friedlaenders submitted a revised application, CAM II, to the commission on August 28, 1998. On October 7, 1998, the commission conducted a public hearing on CAM II. Following the hearing, the commission voted on a proposed motion for approval of CAM II. The result was a three to three tie, with one member abstaining.

Following the vote, there was confusion among the commission members concerning the significance of a tie. The confusion stemmed from the advice of the Guilford town planner (planner). The planner advised the commission (1) that it should make findings as to why CAM II was denied, (2) that a tie vote was a parliamentary rebuttal, (3) that failure to act may constitute approval at the time the "statutes [ran] out," (4) that "we haven't approved it, but we haven't denied it," and (5) that it should table the matter. A vote was then taken to table CAM II to the November 4, 1998 meeting. At the November 4, 1998 meeting, the commission voted on another motion to approve CAM II resulting in a vote of five to two and approving CAM II. The plaintiff filed a separate appeal to the Superior Court from that decision also. The court dismissed the plaintiff's appeal, and this appeal followed. Additional facts and procedural history will be discussed as necessary.

"The power of the commission to require that the plaintiff file a coastal site plan and impose conditions on its approval is derived from the Coastal Management Act (act), General Statutes §§ 22a-90 through 22a-112. The act delegates the administration of the state-wide policy of planned coastal development to local agencies charged with responsibility for zoning and planning decisions. See General Statutes §§ 22a-105, 22a-106. The act envisages a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with local zoning requirements and for consistency with the policies of planned coastal management." (Internal quo-

tation marks omitted.) *DeBeradinis* v. *Zoning Commission*, 228 Conn. 187, 195–96, 635 A.2d 1220 (1994).

"With respect to review of a coastal site plan, [p]roceedings before planning and zoning commissions are classified as administrative." (Internal quotation marks omitted.) Id., 198–99. "The court's function was to determine on the basis of the record whether substantial evidence has been presented to the [commission] to support its findings. . . . Furthermore, a reviewing court cannot substitute its judgment as to the weight of the evidence before the commission and on factual issues material to the reasons for the commission's decision because it is within the province of the commission to determine the credibility of witnesses. . . . Not only is a reviewing court prohibited from substituting its judgment for that of the commission, but the decision of the commission must be sustained if an examination of the record discloses evidence that supports any one of the commission's reasons. . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the [commission] supports the decision reached." (Citations omitted; internal quotation marks omitted.) *Pelliccione* v. *Planning & Zoning Commission*, 64 Conn. App. 320, 332–33, 780 A.2d 185, cert. denied, 258 Conn. 915, 782 A.2d 1245 (2001).

The plaintiff claims that the court improperly upheld the commission's approval of CAM II without first requiring the commission to determine whether a change in circumstances had occurred between the CAM I proposal and CAM II, which would have required a de novo review of the CAM II proposal.[4] The specific question raised in this case is whether the commission

---

[4] The court found that the plaintiff was an abutting landowner and that she was, therefore, statutorily aggrieved. None of the parties disputed the court's finding of aggrievement.

properly decided that a CAM proposal revised to comply with state health codes was within the scope of the previous CAM application, which had been granted. We conclude that CAM II was a new application and subject to de novo review by the commission.

"It is well established that an appellate court will not retry the facts. Our review is to determine whether the judgment of the trial court was clearly erroneous or contrary to the law. . . . When . . . the trial court draws conclusions of law, [the scope of our appellate] review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Gangemi* v. *Zoning Board of Appeals*, 54 Conn. App. 559, 563–64, 736 A.2d 167 (1999), rev'd on other grounds, 255 Conn. 143, 763 A.2d 1011 (2001).

In the present case, the court concluded that "the commission did not erroneously construe CAM II as a modification rather than as a new application, and . . . the record demonstrates that the commission thoroughly reviewed the revised aspects of the application with respect to its impact on coastal resources." In addition, the court found that the Friedlaenders had "submitted CAM II because Guilford's engineering department informed them by letter that the prior approval of the septic system had been sent in error." The court also reviewed a revised coastal area management report that was prepared for the Friedlaenders. The report noted that after the commission approved the former project, "technical modifications to the proposed wastewater disposal system design were mandated by the state of Connecticut department of health."

"A subsequent application made in order to bring a prior application into compliance with applicable regulations, no matter how minor the work involved may

be, is clearly not minor in regard to its significance and effect." (Internal quotation marks omitted.) *Koepke* v. *Zoning Board of Appeals*, 230 Conn. 452, 458, 645 A.2d 983 (1994). Thus, the court improperly concluded that the commission had properly treated CAM II as a revision of CAM I.

Because the revisions reflected in CAM II were made for the purpose of regulatory compliance, CAM II was a new application and the commission was required to begin the review process of the application anew. Therefore, the court improperly upheld the commission's conclusion that CAM II was merely a revision.

The judgment is reversed and the case is remanded with direction to remand the case to the commission to review CAM II as a new application, after proper notice and hearing, de novo.

In this opinion the other judges concurred.