PERRY LEWIS, TRUSTEE, ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF RIDGEFIELD
(AC 23043)

Lavery, C. J., and Schaller and Peters, Js.

Argued February 11—officially released April 15, 2003

*Thomas W. Beecher*, for the appellant (defendant).

*Robert A. Fuller*, for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. The defendant planning and zoning commission of the town of Ridgefield (commission) appeals from the judgment of the trial court sustaining the plaintiffs'[1] administrative appeal from the commission's decision to amend the subdivision regulations and master plan of the code of ordinances of the town of Ridgefield on the ground that the commission exceeded its statutory authority. On appeal, the commission claims that the court improperly sustained the plaintiffs' appeal because General Statutes § 8-25 grants it the authority to enact the challenged subdivision regulations. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the commission's appeal. The commission sought to address the creation of building lots that had severe topographic limitations and were located in environmentally sensitive areas. In furtherance of that goal, the commission proposed amendments to both the zoning ordinances and the subdivision regulations.[2] On June 2, 1998, a public hearing was held

---

[1] The plaintiffs are Perry Lewis, individually and as trustee of the Basha Szymanska Trust, Basha Szymanska, individually and as trustee of the Basha Szymanska Trust, and the Downington Manufacturing Company.

[2] The commission sought to amend § 301 of the zoning ordinances by adding the following language to the definition of the term "lot area": "In calculating the minimum required lot area, land covered by open water including ponds, lakes, rivers and streams shall be excluded, and not more than twenty percent (20%) of land area having slopes of twenty-five percent (25%) or greater as measured in two-foot contour mapping shall be included."

The commission also sought to amend § 301 of the zoning ordinances by adding the following language to the definition of the term "lot coverage": "In calculating lot coverage and the area of the lot, land covered by open water including ponds, lakes, rivers and streams shall be excluded, and not more than twenty percent (20%) of land area having slopes of twenty-five percent (25%) or greater as measured in two-foot contour mapping shall be included."

Furthermore, the commission proposed adding in its entirety § 305.09 to

to discuss the proposed amendments. During the hearing, concerns were raised about the effect of the zoning amendments on lots already in existence.[3] On the basis of those concerns, the commission made a decision not to pursue the amendments to the zoning ordinances.[4]

On September 8, 1998, the commission adopted two amendments to the subdivision regulations concerning lot area calculations. Section 2-31[5] expanded the definition of "lot area," whereas the amendment to § 4-39[6] added a new description of the method for calculating lot area. The amendments altered the lot area calculation by excluding land underneath lakes and ponds, and including only 20 percent of land having slopes of 25 percent or greater. At the time of trial, there existed 4121 acres of subdividable land. Of that land, the plaintiffs collectively owned 277 acres that would be affected by

the zoning ordinances, which stated: "Lot area. In calculating the minimum required lot area, land covered by open water including ponds, lakes, rivers and streams shall be excluded, and not more than twenty percent (20%) of land area having slopes of twenty-five percent (25%) or greater as measured in two-foot contour mapping shall be included."

[3] The public expressed concern that the amendments to the zoning ordinances would render existing land nonconforming.

[4] If the commission had adopted the amendments to the zoning ordinances, those amendments would have been valid. *Harris* v. *Zoning Commission*, 259 Conn. 402, 788 A.2d 1239 (2002). The commission, however, decided to only pursue amendments to the subdivision regulations.

[5] Section 2-31 was amended by the following language: "Lot area. The total horizontal area of the lot lying within the lot lines, provided that no area of land lying within any street line shall be deemed a portion of any lot area. In calculating the minimum required lot area, ponds and lakes shall be excluded. In addition, not more than twenty percent (20%) of land area having slopes of twenty-five percent (25%) or greater as measured in ten-foot contour mapping and consisting of contiguous areas totaling three-thousand (3,000) square feet or more, shall be included."

[6] Section 4-39 was amended by the following language: "Lot area calculations. In calculating the minimum required lot area, the area of ponds and lakes shall be excluded. In addition, not more than twenty percent (20%) of land area having slopes of twenty-five percent (25%) or greater as measured in ten-foot contour mapping and consisting of contiguous areas totaling three-thousand (3,000) square feet or more, shall be included."

the subdivision amendments. The parties agreed that the commission adhered to the statutory requirements and published notice of the decision.

The plaintiffs appealed to the court, claiming that the commission had acted illegally, arbitrarily and in abuse of its discretion by (1) exceeding its authority as a planning commission in passing amendments that contravene existing zoning ordinances concerning minimum lot size, (2) enacting regulations that are discriminatory and deny the plaintiffs equal protection of the laws, (3) unnecessarily excluding land and increasing lot size requirements when the zoning ordinances and the Public Health Code already govern that subject matter and (4) amending the regulations despite the absence of substantial evidence in the record. The court, *Radcliffe, J.*, dismissed the plaintiffs' appeal for lack of aggrievement. On appeal, we determined that the plaintiffs were aggrieved, and, therefore, reversed the judgment and remanded the case for further proceedings. *Lewis* v. *Planning & Zoning Commission*, 62 Conn. App. 284, 298, 771 A.2d 167 (2001). On remand, the court, *Holden, J.*, concluded that the commission had acted beyond the scope of its statutory authority in amending the subdivision regulations, and, therefore, sustained the plaintiffs' appeal. This appeal followed.

The commission claims that § 8-25 grants a planning commission the authority to enact the challenged subdivision regulations.[7] Specifically, the commission argues

[7] The commission cites to the language in General Statutes § 8-25 (a), which provides in relevant part: "Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety, that proper provision shall be made for water, sewerage and drainage, including the upgrading of any downstream ditch, culvert or other drainage structure which, through the introduction of additional drainage due to such subdivision, becomes undersized and creates the potential for flooding on a state highway, and, in areas contiguous to brooks, rivers or other bodies of water subject to flooding, including tidal flooding, that proper provision shall be made for protective flood control measures and that the proposed streets are in harmony with existing or proposed principal thoroughfares shown

that the amendments were adopted to protect the public health and safety by excluding bodies of water and steep sloped areas from inclusion in lot area calculations to avoid and to minimize the negative effects that development near or on those areas would have on the land. The court found, however, that the commission exceeded its statutory authority. "When . . . the trial court draws conclusions of law, [the scope of our appellate] review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Pinchbeck* v. *Planning & Zoning Commission*, 69 Conn. App. 796, 801, 796 A.2d 1208, cert. denied, 261 Conn. 928, 806 A.2d 1065 (2002).

The commission, in this case, operates as both a planning and a zoning commission. See General Statutes § 8-4a. "Its duties in each category are separate yet related. As a planning commission its duty is to prepare and adopt a plan of development for the town based on studies of physical, social, economic and governmental conditions and trends, and the plan should be designed to promote the co-ordinated development of the town and the general welfare and prosperity of its people. . . . Such a plan is controlling only as to municipal improvements and the regulation of subdivisions of land. . . . Zoning, on the other hand, is concerned with the use of property. . . . The zoning commission is authorized to adopt regulations governing the use of property, and they should be made in accordance with a comprehensive plan for the most appropriate use of land throughout the town." (Citations omitted.) *Purtill* v. *Town Plan & Zoning Commission*, 146 Conn. 570, 571–72, 153 A.2d 441 (1959). "[T]he

in the plan of conservation and development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. . . ."

legislature has determined that a zoning authority is properly concerned with the use of land, whereas the duties of a planning commission are directed primarily toward municipal development." *Cristofaro* v. *Burlington*, 217 Conn. 103, 106–107, 584 A.2d 1168 (1991).

Subdivision regulation is a function of the planning commission. See *Krawski* v. *Planning & Zoning Commission*, 21 Conn. App. 667, 670, 575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990). Section 8-25 provides the planning commission with the authority to establish subdivision regulations.[8] "The enabling statute for the planning commission, however, does not permit what amounts to de facto amendment of zoning ordinances. A planning commission has no power to make, amend or repeal existing zoning regulations or zone boundaries." (Internal quotation marks omitted.) *Cristofaro* v. *Burlington*, supra, 217 Conn. 107. Pursuant to General Statutes § 8-2, the zoning commission has the authority to regulate minimum lot size.[9] Acting

[8] "It has been said that the whole field of subdivision regulation is peculiarly a creature of legislation. It is therefore imperative that before subdivision regulations may be made operative, the necessary statutory authorization of such regulation must exist. . . . In other words, in order to determine whether the regulation in question was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment." (Internal quotation marks omitted.) *Smith* v. *Zoning Board of Appeals*, 227 Conn. 71, 81, 629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994).

[9] General Statutes § 8-2 (a) provides in relevant part: "The zoning commission . . . is authorized to regulate . . . the height, number of stories and size of buildings and other structures; the percentage of the area of the lot that may be occupied; the size of yards, courts and other open spaces; the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes . . . . Such zoning commission may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter; and, within such districts, it may regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of the land. . . . Such regulations shall be made in accordance with a comprehensive plan and in adopting such regulations the commission shall consider the plan of conservation and development prepared under section 8-23. . . ."

under that authority, the commission established the various zoning districts under article III, § 302, of the code of zoning ordinances. Article IV of the code of zoning ordinances specifies the minimum lot size for the respective zoning districts.

Here, the amendments are at variance with the existing zoning ordinances governing minimum lot size. The amendments effectively increase the minimum lot size requirements for subdividable land that has lakes, ponds or slopes of 25 percent or more. "[T]he effect of the amendments upon property not yet subdivided is to require individual lots to have an area greater than the two acres required by the zoning regulations if ponds, lakes or slopes meeting the criteria are included within a proposed lot. . . . In this way, the number of subdivision lots created from an undeveloped parcel is reduced."[10] (Internal quotation marks omitted.) *Lewis v. Planning & Zoning Commission*, supra, 62 Conn. App. 286. The planning commission, however, cannot enact a subdivision regulation that effectively amends or alters a zoning ordinance because the planning commission would be exceeding its statutory mandate. *Cristofaro v. Burlington*, supra, 217 Conn. 107.

Because the subdivision regulations effectively alter and amend zoning ordinances governing minimum lot size, the planning commission impermissibly encroached on the authority of the zoning commission granted to it pursuant to § 8-2, and, therefore exceeded its statutory authority under § 8-25. See *Smith* v. *Zoning*

---

[10] The plaintiffs, in their complaint, alleged that their property was located in the RAA, or two acre, zone. Article III, § 302 (2), of the code of zoning ordinances establishes the RAA zone. Article IV, § 402 (C) (1), requires a two acre minimum lot for property in an RAA zone. Specifically, that section states: "No residence or other structure shall be erected, reconstructed or altered upon or moved to any lot which shall be less than two (2) acres in area." The court, however, did not make an express factual finding that the plaintiffs' property was located in the RAA zone.

*Board of Appeals,* 227 Conn. 71, 98, 629 A.2d 1089 (1993) ("[i]f the commission enacts subdivision regulations that exclusively concern zoning power, or if the subdivision regulations directly conflict with a zoning power . . . the subdivision regulation [is] invalid"), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994); *Cristofaro* v. *Burlington,* supra, 217 Conn. 107 (planning commission imposition of larger minimum lot size requirement than that established under zoning ordinances is improper).

The judgment is affirmed.

In this opinion the other judges concurred.